USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 9, 2012

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------- X
UNITED STATES OF AMERICA,        :
                               :

      -v.-                   :        S1 11 Cr. 721 (JFK)
                               :         **MEMORANDUM**
ABDULAI FOFANAH            :      **OPINION & ORDER**
    a/k/a "Foday Osman Fofanah,"  :
    a/k/a "Foday Fofanah,"     :
    a/k/a "Foday,"           :
                               :
                    <u>Defendant</u>.  :
--------------------------------- X

**John F. Keenan, United States District Judge:**

      Before the Court are cross motions under Rule 404(b)
regarding the admissibility of Defendant Abdulah Fofanah's
("Defendant" or "Fofanah") prior arrest and the underlying
conduct surrounding that arrest.  For the reasons that follow,
the Government's motion is granted and the Defendant's motion is
denied.

### I.    Background

      In connection with a joint investigation by the New York
and New Jersey State Police, officials learned that in December
2005 Fofanah had hired an individual, who later became a
confidential informant for the police ("CI"), to drive a
shipping container to the Port of Newark, New Jersey, for export
to Angola.  The shipping container housed vehicles that had been
stolen, and Fofanah was listed as the "Shipper" of the container
on the Dock Receipt.  On April 2, 2006, Fofanah was arrested and

the Cadillac Escalade that he was driving was impounded.  During an inventory search of the car, police officers recovered certificates of title for a number of vehicles that had been reported stolen, as well as an ignition key to a 1999 Lexus that had also been reported stolen.  Police later found the Lexus parked outside Fofanah's home and were able to start it using the key recovered from the Cadillac Escalade. (Gov't Motion at 3).

During a post-arrest interview with law enforcement in that case, Fofanah told police that they should question the future CI.  The Government states that Fofanah said that "the CI knew about the stolen cars in the shipping container." (Id.).  Police then questioned the CI, who denied any knowledge that the cars were stolen.  The CI was not arrested. (Id.).

Fofanah was charged with six counts of criminal possession of stolen property in the third degree as well as a vehicle and traffic violation ("2006 charges").  Ultimately, Fofanah was not prosecuted on these charges. (Id.).

Fofanah concedes that testimony from the CI as to how he met Fofanah in 2005 is admissible, but asserts that the Government may not introduce evidence that the cars in the shipping container were stolen. (Def. Mem. at 3).  Moreover, Fofanah argues that the Government should be prohibited from eliciting testimony and evidence as to the 2006 charges and the

underlying facts. (Id. at 4).  Conversely, the Government seeks a ruling that such evidence is admissible.

## II.  Discussion

First, the Court agrees with the Government that the above-described evidence is admissible as background to show the Defendant's relationship with the CI.  It is well-settled that prior act evidence may be admitted "to inform the jury of the background of the conspiracy charged, to complete the story of the crime charged, and to help explain to the jury how the illegal relationship between participants in the crime developed." United States v. Pitre, 960 F.2d 1112, 1119 (2d Cir. 1992); see United States v. Langford, 990 F.2d 65, 70 (2d Cir. 1993); United States v. Brennan, 798 F.2d 581, 589–90 (2d Cir. 1986).  Such evidence is admissible to "demonstrat[e] the context of certain events relevant to the charged offense." United States v. Inserra, 34 F.3d 83, 89 (2d Cir. 1994).  In particular, courts routinely admit evidence of a defendant's pre-existing relationship with a confidential witness because it serves to advance the jury's understanding of how the instant transaction came about and the defendant's and others' role in it. See United States v. Nektalov, 325 F. Supp. 2d 367, 372 (S.D.N.Y. 2004); see also United States v. Rosa, 11 F.3d 315, 334 (2d Cir. 1993) (affirming the admission of prior act evidence to show the jury how the illegal relationship between

3

the defendant and a cooperating witness developed), <u>United
States v. Roldan-Zapata</u>, 916 F.2d 795, 804 (2d Cir. 1990), <u>cert.
denied</u>, 499 U.S. 940 (1991).

Here, the evidence in question is offered for a permissible
purpose and is relevant to show the background of the charged
conspiracy and the relationship between Defendant and the CI.
It also provides coherence to the sequence of events that led to
the CI's collaboration with law enforcement.  Furthermore,
evidence of Defendant's prior dealings with the CI is properly
admitted to explain how their relationship developed and why the
CI contacted the New York Police Department in 2011 about the
events charged in this Indictment.

Next, the evidence of the previous arrest and the
surrounding events is also admissible under Rule 404(b).  Rule
404(b) provides that "[e]vidence of other crimes, wrongs, or
acts is not admissible to prove the character of a person in
order to show action in conformity," but such evidence is
"admissible for other purposes, such as proof of motive,
opportunity, intent, preparation, plan, knowledge, identity, or
absence of mistake or accident." Fed. R. Evid. 404(b); <u>see</u>
<u>United States v. Bok</u>, 156 F.3d 157, 165 (2d Cir. 1998) (holding
that prior act evidence "can be admitted for any purpose except
to show criminal propensity, unless the trial judge concludes

that its probative value is substantially outweighed by its potential for unfair prejudice.")

Defendant is misguided in his contention that the proposed evidence is inadmissible because the Government cannot demonstrate that Fofanah knew that the cars involved in the 2006 arrest were stolen.  Rather, the Government points out that the 2006 arrest put the Defendant on notice that that the type of conduct he was engaging in might be illegal. See United States v. Halak, 78 F. App'x 758, 760 (2d Cir. 2003) (finding evidence of prior acts admissible under 404(b) to show defendant's "knowledge that the charged cars were stolen, the sole disputed issue at trial.").  What the Defendant knew at the time of his 2006 arrest is not the issue because the Government relies on the evidence to show the Defendant's knowledge subsequent to his 2006 arrest.  Indeed, as of his arrest, Defendant was on notice that cars that are provided for export to foreign countries may be stolen, as the 2006 charges effectively informed Fofanah that he had been in possession of stolen cars.

Moreover, it should be noted that the fact that the 2006 charges were never prosecuted has no bearing on the Court's analysis under Rule 404(b).  Conviction for a crime is not a prerequisite to Rule 404(b) admissibility.  United States v. Morrow, 721 F. Supp. 2d 207 (S.D.N.Y. 2010).

Finally, the Court finds that the probative value of this evidence significantly outweighs any potential for unfair prejudice.  As described above, the 2006 arrest and surrounding facts are sufficiently similar to the acts charged in the Indictment, are no more sensational than the crimes charged here, and are probative of the Defendant's knowledge and state of mind at the time of the charged crimes. See <u>United States v. Williams</u>, 205 F.3d 23 (2d Cir. 2000), <u>United States v. Aminy</u>, 15 F.3d 258 (2d Cir. 1994).

**SO ORDERED.**

Dated:     New York, New York
           July 9, 2012

                                    John F. Keenan
                           United States District Judge

6